## BROWN v. BRIDGES.

1. **Highway:** RIGHTS OF PARTIES AFTER DISCONTINUANCE. Where the damages adjudged to a claimant by reason of the establishment of a public road over his land are paid by one of the petitioners, he may, upon the subsequent discontinuance of such road before it is actually worked or opened, maintain an action in equity to recover the sum so advanced or paid by him to such land owner. (Rev., §§ 853, 854.) The board of supervisors have not exclusive jurisdiction to order a return of the money so paid.

2. —— That he made no claim of the board of supervisors to have the money refunded to him, and that no order was made by them in relation thereto, would not, under the circumstances, affect his right to recover.

3. —— In such action a personal judgment may be rendered against the defendant as well as an order enforcing it on the land occupied by the discontinued road.

*Appeal from Des Moines District Court.*

TUESDAY, APRIL 8.

ACTION IN CHANCERY. The petition shows that, in 1863, the supervisors of the county established a road which was located,

a part of the way,.over defendant's land.   The defendant filed his claim for damages, and was allowed $225, which (together with costs to the amount of $229.75, as shown by the evidence) was paid by plaintiff.   In 1867, the road, in a part of its course upon defendant's land, was changed by order of the board of supervisors so as to vacate wholly so much of the same as had been established at the cost of plaintiff, and for which the damages aforesaid had been allowed.   The part of the road so vacated had never been opened and used for public . travel. The change was made upon the petition of defendant, who refuses to refund the money received by him as damages.   The plaintiff asks that a judgment be rendered for the amount thereof, which shall be declared a lien upon the land upon which the old road was located.   This relief was granted by proper decree.   Defendant appeals.

*Halls & Baldwin* for the appellant.

*Newman & Blake* for the appellee.

BECK, Ch. J. — The appellee insists that this cause, having been tried by the second method, cannot be heard *de novo* in this court, but must be tried upon the questions of law preserved by the record.   The question of fact, touching the manner of trial in the court below as the same is contemplated by the law, which is asserted by appellee, is disputed by the appellant, who claims that the cause must be tried *de novo* in this court as an equity action triable by the first method.   We find it quite unnecessary to determine the question thus presented, as, in our opinion, the judgment of the court below, if the cause is heard here *de novo*, must be affirmed.   We the more readily waive this question, on account of the fact that its decision depends upon the force to be given to an agreement of the attorneys, in regard to the manner of trial, about which they now differ.

The facts involved in the merits of the case, upon which the decision of the district court was based, appear in the record,

and are not at all numerous or intricate. They are as follows: In 1863, a road was established which ran over defendant's land, who recovered damages to the amount of $225, which, with $229.75 costs, were paid by plaintiff, one of the petitioners for the road. The part of the road for which plaintiff paid damages was never opened for travel, and, in 1868, upon the petition of defendant, it was vacated by the supervisors changing the route of the highway. This was done against the protest of plaintiff. No order was made by the supervisors, requiring defendant to repay to plaintiff the damages received from him, nor was the vacation of the road made to depend upon the refunding of the amount advanced by plaintiff. No question in regard to this matter was brought before the supervisors, and decided by them. The defendant made no claim for damages, on account of the re-location of the road, which, it is averred in the answer, though there is no evidence to that effect, was upon his land.

Counsel for defendant maintains that the subject-matter in controversy, namely, the claim of plaintiff for the money advanced to defendant as damages for the location of the old road is exclusively within the jurisdiction of the board of supervisors and, as it was not presented for the determination of that body, plaintiff is now without a remedy in this court.

The question thus presented involves the construction of the following sections of the Revision: "§ 853. If money is thus advanced to secure the opening of a road, a memorandum thereof must be made in the record and the person so advancing it shall receive from the clerk a certificate of such fact. The road shall not thereafter be discontinued without refunding to him or his legal representatives the amount so advanced without interest."

"§ 854. When damages have been paid by the county or by an individual, for injury to land in consequence of the establishment of a road, the amount must be refunded whenever the road is discontinued, and the claim for such refunding is a

lien on the land for the taking of which damages were given, which may, if necessary, be sold to liquidate such claim."

It is unnecessary to inquire as to the jurisdiction of the supervisors under these provisions further than to determine whether it be exclusive to the extent of depriving a court of equity of power to grant relief under the peculiar facts of this case.

It will be observed that the section first quoted provides that the road shall not be discontinued without refunding to the party paying the damages the amount advanced by him. This cannot be construed as a limitation upon the power of the supervisors forbidding them to vacate the road before the repayment of the sum received by the land owner. Without determining that the order of vacation, in the discretion of the supervisors, may be made without awarding the money to be refunded, we are of the opinion that such an order may be made and be effective before the payment. The language of the section simply implies that the refunding of the money is a condition upon which the road may be discontinued, to be performed after the order to that effect is made. This construction is required by the following section, that the two may harmonize. It is plainly expressed therein that the payment may be after the road is discontinued. And it is provided that the claim may be enforced as a lien upon the land. It can hardly be claimed that the obligation to pay the money may be enforced before the road is vacated, which is the very thing that creates the liability. We conclude that, in a proper case, the road may be vacated and afterward the repayment of the money may be enforced.

In the case before us no action was had by the supervisors in regard to the repayment of the damages. There has, therefore, been no adjudication by them upon the question. The case is one in which the order to vacate the road was made and no action had upon the question of refunding the damages. Now, it may be conceded that, under a different state of facts and between parties holding different relations to each other, the order to vacate without action as to the damages would not

be binding; but upon this point we express no opinion.   Certain it is, however, in this case, such a result does not follow. The defendant who succeeded in recovering damages for the location of the old road failed to open it.   Afterward, upon his own petition, he caused the road to be vacated and now has the enjoyment both of his land and the money received by him as damages.   He cannot be heard to say that the order under which he claims the road was vacated and upon which he bases his right to inclose his land and to treat the road as discontinued, is illegal, because the damages were not ordered to be repaid.   Equity will not hear a claim so unjust, and will estop him to deny the validity of the order under which he enjoys the benefit of reclaiming his land.

Without inquiring into the nature of the jurisdiction of the supervisors over the question of refunding damages in ordinary cases, whether it be exclusive or otherwise, we conclude that equity has jurisdiction in this case.   We base our conclusion upon its peculiar facts.   The supervisors did not act on the question.   That plaintiff is in equity entitled to the repayment of the money expended by him, or that he may appeal to chancery to restrain the vacation of the road, there can be no doubt.   He cannot be deprived both of the use of the road and of his money.   He may acquiesce in defendant's action in closing the road and in the order of the supervisors authorizing it, and claim that his money be refunded.   Equity will not deny a claim so just.

But it may be said he ought to have presented his claim to the supervisors, and having failed to pursue the course pointed out by the law he can have relief in no other way.   The record shows that he did protest against the vacating of the old road on the ground of his payment of the damages.   The law does not require that he shall, in such case, make a formal claim or any claim at all to the supervisors.   It is made the duty of the supervisors to cause the money to be refunded without action upon the part of the person entitled to it. The case is one where defendant insists upon enjoying advantages and retaining money of plaintiff for which he has ren-

dered no equivalent, simply because those appointed by the law to protect plaintiff's rights have failed to discharge their full duty. In such cases equity is always ready to afford ample relief.

The views of defendant's counsel contrary to those just expressed they support by ingenious arguments. But they give no importance or consideration to the peculiar facts of the case upon which the jurisdiction of equity is based, hence the error of their conclusion.

II. The decree of the district court requires the repayment of the money advanced by plaintiff, and a personal judgment therefor was rendered against defendant, which is made a lien upon the land of defendant occupied by the old road. It is contended that a personal judgment is not authorized by the statute above quoted. All that can be said is that the provisions referred to are silent upon the subject. It gives a claim to the person paying the damages, and declares that it shall be a lien upon the lands specified. The lien provided for cannot be regarded as indicating an intention of the legislature to deprive the plaintiff of such other remedies as are secured to all who have lawful claims against others. In every case such claims are enforced by judgments; the claim in this case must be enforced in the same way. The lien given by the statute is but an additional remedy and does not take away others secured by the law. This conclusion is certainly correct in view of the fact that the party who paid and the one who received the money sued for, are before the court as plaintiff and defendant. Our ruling upon this point of course will be considered as applicable to this state of facts alone.

III. The statute authorizing the claim against defendant upon the vacation of the road for damages paid him, it is insisted, is in conflict with the constitution. But here again the peculiar facts of the case relieve us of following counsel's argument. It may be admitted for the purpose of the argument that if defendant's land had been taken and used for a road, the statute could not, after the road was no longer

required by the public, compel defendant to refund the money paid him as damages upon condemning his land for public use. But in the case before us it will be remembered that defendant's land was never used by the public — the road was never opened, and it does not appear that he ever suffered damage to the extent of one cent. Plaintiff, who was benefited, or rather expected to be benefited by the establishment of the road, paid defendant the damages assessed in his favor. Here is a case where defendant has received a sum of money and parted with nothing; plaintiff received nothing and paid the money to defendant. Certainly, independent of the statute, equity would grant relief in such a case. Plaintiff's right to recover is not, therefore, dependent upon the enactment.

The same view is an answer to an objection to the judgment on the ground that it allows interest from the date the old road was vacated.

The foregoing discussion sufficiently answers the different positions of defendant's counsel, and brings us to the conclusion, which is quite satisfactory to our own minds, that the judgment of the district court is correct.

Affirmed.